Chief Justice Robertson
delivered the Opinion of the Court.
Sarah Beckwith and William T. Teat man, an infant, claiming title to a house and some ground in Shepherdsville, as purchasers under a decree for the sale of the estate of John Beckwith, deceased, rendered on the petition of persons claiming to he his heirs — she sold th'fr *372 house and ground to Caldwell, and covenanted that, on payment of the entire price, she and Yeatman would convey the legal title by a deed of general warranty.
Two persons— are joint claimants of a lot; and6'covenants to deliver^ the upon payment mona P.mChthe whofefallsduel payment is entorced, and the deed made and dlnglh theThpulation, before tahis ufmajority. — The vendee cannot object to the deed on account of t]jp infani^y of one-of the grantors — for such a deed is all that the covenant calls for,
Afterwards, the whole consideration having been coerced by suit, and Marryman, to whom the covenant lor a title had been assigned, and who was in the possession of the property sold, having brought an action of covenant, for a failure to make a title — she filed a bill for enjoining his suit, and for compelling a specific execution.
During the pendency of that bill, to which William T. Yeatman was a party,-the legislature passed au act authorizing the chancellor, on the assent of the infant and his father, anti on payment to them of a moiety of the consideration, to decree a conveyance from the infant to Marryman, and declaring that the conveyance, when thus made, should pass all his right as effectually as if he had not been a minor.
The infant and his father assented to the conveyance, as just and beneficial, and a proper deed, with a covenant of geperal warranty, was executed by Sarah Beck-with and the infant Yeatman, which, after regular proof and acknowledgment in the proper office, was tendered to Marryman. But, on the final hearing, the bill was dismissed.
Had no such statute, as that relied on in this case, ever been enacted, still, a conveyance by Sarah Beckwith and William T. Yeatman, with a covenant of genera! warranty, couid not have been rightfully refused by Mr.rryman, on the ground of Yeatman’s infancy ; because, as Sarah Beckwith only covenanted that she and would- make a deed of general warranty on payment of the consideration, which was payable during Wilnam rj\ Yeatman's minority, it is evident that the cove- . 3 nantee waived all objection to infancy, and agreed to re^ 011 the warranty of Sarah Beckwith, and, with that security alone, to risk the avoidance of the infant’s act. deed, with warranty by Sarah Beckwith'and William T. Yeatman, would, therefore, have complied fullv with , , “ her covenant,
Parties in chancery, seeking a specific execution of their con tractsto convey land, may he alio- ed time to perfect their titles, or to obtain evidence of their sufficiency-
Where a Unit in the chain of title to land, consists of a pro ceedingin chancery and order or decree for the sale of the . land, as the estate of heirs — . if the record contains no evidence that the parties whose estate was sold, were in fact the heirs, and o.nly heirs, of .him who died seized, it is insufficient, and the heirship must be proved by other evidence, Nothing contained in a record, is evidence against one who was no party to it.
But there is a more formidable objection to a specific execution. It does not sufficiently appear, that Sarab Beckwith or William T. Yeatman has a complete legal title to all the property which she covenanted tiiat they would convey. During the progress of this suit in the circuit court, they endeavored to perfect their title, and doubtless, they believed that they .ad, at the time of the hearing, an unquestionable title. Had they satisfactorily proyed, that they had such a title, we should have been clearly of the opinion, that they would have been entitled to a decree, compelling Marryman to accept a conveyance; or had they, instead of going'to trial when they did, asked for further time to perfect their title, or to prove that it was already unquestionable, and such indulgence had been refused, we should have been inclined to reverse the decree. But the decree must be tested by the proofs as they are now exhibited by the record ; and, thus considering it, we are compelled to affirm i-.
There is no proof, that those who were parties to the petition for selling 'John Beckwith’s estate, were his heirs, and only heirs; nor that those against whom a decree was obtained, as Grayson’s heirs, were his heirs, and only heirs ; and, as Marryman was no party to either of, those records, nothing which they contain can', as against him, be evidence. Moreover, the petition in the case of Beckwith’s heirs, alleges that John W. Beckwith was one of the heirs, and he was not a party; nor is there any proof that he was ever divested of his right by descent. Wherefore, as there is no proof of a perfect title, without those two decrees, the chancellor could not judicially decide, that the title is such as Marryman should be compelled to accept. And therefore the decree must be affirmed.